IN THE INTERMEDIATE COURT OF APPEALS OF WEST VIRGINIA

**FILED**
**September 26, 2023**
EDYTHE NASH GAISER, CLERK
INTERMEDIATE COURT OF APPEALS
OF WEST VIRGINIA

**CLINTON T. DRAINER,**
**Grievant Below, Petitioner**

**vs.) No. 23-ICA-53**      (W. Va. Pub. Employees Grievance Bd. No. 2022-0706-DOT)

**DIVISION OF HIGHWAYS,**
**Respondent Below, Respondent**

### MEMORANDUM DECISION

Petitioner Clinton T. Drainer appeals the January 17, 2023, decision of the West Virginia Public Employees Grievance Board ("Grievance Board"). Respondent Division of Highways filed its response.[1] Mr. Drainer filed a reply. The issue on appeal is whether the Grievance Board erred in denying Mr. Drainer's grievance, in which he alleged that the Division of Highways discriminated against him based on his age in not selecting him for training opportunities.

This Court has jurisdiction over this appeal pursuant to West Virginia Code § 51-11-4 (2022). After considering the parties' arguments, the record on appeal, and the applicable law, this Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the Grievance Board's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

Mr. Drainer is employed by the Division of Highways as a Transportation Worker 2 Equipment Operator ("TW2"). Mr. Drainer has worked for the Division of Highways since 2017, and he has approximately thirty-five years of related experience. He is sixty-three years old. The Division of Highways requires that operators of certain pieces of equipment, including graders and bulldozers, receive certifications to operate the equipment. Other pieces of equipment, such as boom max tractors, have a certification process but certification is not required. Certification to operate equipment is one of the considerations for a promotion to the Transportation Worker 3, Equipment Operator ("TW3") position. To become certified, equipment operators must complete training through the Equipment Operator Training Academy. When a new training opportunity becomes available, a sign-up sheet is posted for ten working days. The sign-up sheet requires employees of the Division of Highways to list such information as their CDL

---

[1] Mr. Drainer is represented by Erika Klie Kolenich, Esq. The Division of Highways is represented by Regenia L. Mayne, Esq.

status, seniority, and prior experience on the equipment. The County Administrator for the Division of Highways then selects the employees that will receive training.[2]

Mr. Drainer signed up for bulldozer training in December of 2021 in hopes of receiving a promotion to the TW3 position. At the time he signed up for training, Mr. Drainer had previously completed training and received an equipment certification for the grader. Nine other Division of Highways employees also signed up for training. The Division of Highways chose to select another applicant for bulldozer training who did not have any prior certifications. An additional training opportunity became available for the boom max tractor. Mr. Drainer did not sign up on the sheet for this training.[3] The training ultimately went to two other members of the crew, who were familiar with the boom max tractor route.

On April 6, 2022, Mr. Drainer filed his grievance No. 2022-0706-DOT against the Division of Highways, which is the subject of the instant appeal.[4] Mr. Drainer alleged that he was denied a promotion to the TW3 position based on his age and was denied access to training for the bulldozer and boom max tractor operator positions. Mr. Drainer sought back pay, a promotion to the TW3 position, and other damages. A level one hearing was held by phone on April 19, 2022. By decision dated May 11, 2022, the Grievance Board denied Mr. Drainer's grievance. The Grievance Board found that Mr. Drainer failed to prove that the selection process for equipment training was discriminatory, flawed, or contrary to a law, rule, or policy.

On May 12, 2022, Mr. Drainer appealed to the second level of the grievance process, requesting mediation. A mediation session was held on June 30, 2022. The mediation was unsuccessful. Mr. Drainer then appealed the grievance to level three and requested a hearing. In preparation for the hearing, the parties submitted witness lists and began discovery. On October 10, 2022, Mr. Drainer served "Grievant, Clinton Drainer's Request for Production of Documents and Request for Interrogatories to Respondent Division of

---

[2] Mr. Drainer indicated below that a separate incident occurred where he was removed from training in favor of a younger applicant. However, this incident is not the subject of the instant appeal.

[3] Mr. Drainer testified that he did not sign up specifically for boom max tractor training, but that he believed that he had communicated to the Division of Highways that he wished to participate in all trainings that became available.

[4] Mr. Drainer filed a previous grievance against the Division of Highways (No. 2022-0179-DOT), alleging that he was discriminated against based on his age when he was passed over for the promotion to the TW3 position. That grievance was also appealed to this Court from the Grievance Board and was docketed as 22-ICA-195.

Highways." The Division of Highways provided him with several of the requested documents but refused to provide others. On October 19, 2022, the Division of Highways produced Mr. Drainer's personnel file. On October 20, 2022, Mr. Drainer filed a motion to compel and a motion to continue. Mr. Drainer alleged that the Division of Highways had failed to produce the requested discovery and that continuance of the hearing was warranted to allow the motion to compel to be addressed. Mr. Drainer sought documentation regarding any and all TW3 positions, including all job postings, application packets, attachments, interview notes, and personnel files of all applicants and those who were interviewed for the position. On October 21, 2022, the Grievance Board denied the motion to continue.

A hearing was set for October 25, 2022. Mr. Drainer appeared in person and Robert D. Petrel, Assistant County Superintendent, appeared for the Division of Highways. Mr. Petrel served as Assistant County Administrator and made the selection decisions at issue in this grievance. Mr. Drainer testified that he did not recall seeing a sign-up sheet for the boom max tractor training, and that he was aware of the Division of Highways policy to spread out trainings amongst its employees. Mr. Drainer stated that he had more experience than the chosen candidate, and that he felt that he was not selected because of his age. Mr. Petrel testified that a primary goal of the training selection decisions is to ensure that no single individual has received all of the trainings in case of personnel absences, and that for this reason trainings are spread out among different members of the crew. Mr. Petrel also stated that Mr. Drainer had already received an equipment certification on the grader at the time that he signed up for the additional training sessions. Mr. Petrel also stated that no one at the Division of Highways had told him to favor younger applicants for training, and that the candidate ultimately selected for bulldozer training was nearly fifty years old.

By Decision dated January 17, 2023, the Grievance Board denied Mr. Drainer's grievance and found that he did not prove discrimination, favoritism, or that the selection decisions were arbitrary and capricious or unreasonable. Further, the Grievance Board denied Mr. Drainer's motion to compel, finding that he did not follow the rules of the Grievance Procedure in requesting a formal discovery order from the Administrative Law Judge ("ALJ"), and that he did not request discovery in a timely manner. The Grievance Board found that the Division of Highways needs a variety of employees trained on equipment to provide flexibility, rather than only one person certified on multiple pieces of equipment. Further, the Grievance Board found that the candidate who was ultimately selected for training did not have any certifications. It is from this order that Mr. Drainer now appeals.

Our standard of review is as follows:

A party may appeal the decision of the administrative law judge on the grounds that the decision:

(1) Is contrary to law or a lawfully adopted rule or written policy of the employer;
(2) Exceeds the administrative law judge's statutory authority;
(3) Is the result of fraud or deceit;
(4) Is clearly wrong in view of the reliable, probative, and substantial evidence on the whole record; or
(5) Is arbitrary or capricious or characterized by abuse of discretion or clearly unwarranted exercise of discretion.

W. Va. Code § 6C-2-5(b) (2007); *accord* W. Va. Code § 29A-5-4(g) (2021) (specifying the standard for appellate review of administrative appeal).

The Supreme Court of Appeals of West Virginia has set forth that "[t]he 'clearly wrong' and 'arbitrary and capricious' standards of review are deferential ones, which presume the agency's actions are valid as long as the decision is supported by substantial evidence or by a rational basis." Syl. Pt. 3, *In re Queen*, 196 W. Va. 442, 473 S.E.2d 483 (1996). *See also* Syl. Pt. 1, in part, *In Interest of Tiffany Marie S.*, 196 W. Va. 223, 470 S.E.2d 177 (1996) (on appeal, a court may not overturn a finding simply because it would have decided case differently); Syl. Pt. 1, *Francis O. Day Co., Inc. v. Dir. Div. of Env't Prot.*, 191 W. Va. 134, 443 S.E.2d 602 (1994) (evidentiary findings should not be reversed unless clearly wrong).

On appeal, Mr. Drainer advances two primary arguments. First, Mr. Drainer argues that the Grievance Board erred in denying him the opportunity to conduct discovery because he was seeking relevant and non-privileged information to substantiate his claims. Second, Mr. Drainer argues that the Board erred in denying his grievance, asserting that he proved age discrimination by a preponderance of the evidence.[5]

Turning to Mr. Drainer's assignment of error regarding discovery, West Virginia Code of State Regulations provides that "[a]ll parties must produce, prior to any hearing on the merits, any documents requested in writing by the grievant that are relevant and are not privileged. . . ." W. Va. Code R. § 156-1-6.12 (2018). Further:

The administrative law judge shall have authority to order such additional discovery, by way of deposition, interrogatory, document production, or otherwise, as considered necessary for a fair determination of the issues in dispute, consistent with the expedited nature of the grievance procedure. When a party serves another party with a discovery request, that request need not be filed with the Board.

---

[5] We note that Mr. Drainer filed a Motion to Keep Personal Identifiers Confidential, which was granted by this Court on May 17, 2023.

4

W. Va. Code R. § 156-1-6.12.1.

A review of the record indicates that Mr. Drainer did not file his motion to compel until October 20, 2022, three business days prior to the October 25, 2022, hearing. Mr. Drainer also did not request an order from the ALJ for document production pursuant to West Virginia Code of State Regulations § 156-1-6.12.1.[6] The ALJ found that Mr. Drainer was not timely in his request for formal discovery, as the grievance had already proceeded through the level one hearing and level two mediation. Further, the ALJ found that Mr. Drainer's attempt to seek discovery a mere two weeks before the scheduled hearing left little time for compliance from the Division of Highways or for the Grievance Board to address the motion to compel.[7] Based on the foregoing, we find that the ALJ's decision to deny the motion to compel must be afforded deference as a matter of law, as it was not clearly wrong.[8]

Next, we turn to Mr. Drainer's assignment of error regarding the denial of his grievance based on the preponderance of the evidence standard. Because this grievance does not involve a disciplinary matter, "[t]he grievant bears the burden of proving the grievant's case by a preponderance of the evidence. . . ." W. Va. Code R. § 156-1-3 (2019). Further, West Virginia Code § 6C-2-2(h) (2023), defines favoritism in the context of a grievance board case as "unfair treatment of an employee as demonstrated by preferential, exceptional, or advantageous treatment of a similarly situated employee. . . ." West Virginia Code § 6C-2-2(d) defines discrimination in the context of a grievance as "any differences in the treatment of similarly situated employees unless the differences are

---

[6] While Mr. Drainer should receive all documents that were requested in writing per W. Va. Code R. § 156-1-6.12, unless privileged, it is noted that Mr. Drainer not only failed to comply with W. Va. Code R. § 156-1-6.12.1 to request formal discovery, he also did not attempt to resolve the dispute with the Division of Highways prior to filing his motion to compel. Pursuant to W. Va. Code R. § 156-1-6.12.2, "parties shall attempt to resolve any discovery disputes among themselves before making a motion requesting an order compelling discovery."

[7] This exercise of discretion by the Grievance Board is appropriate under W. Va. Code R. § 156-1-1.5, which states that "[t]he provisions of these rules will be liberally construed to permit the Board to discharge its statutory functions and to secure just and expeditious determination of all matters before the Board; therefore, for good cause, the Board may, at any time, suspend the requirements of any of these rules."

[8] We note that Mr. Drainer's motion to compel was filed three business days prior to the Grievance Board hearing. Had Mr. Drainer requested formal discovery within a more reasonable time, he would be entitled to receive the records that he requested.

5

related to the actual job responsibilities of the employees or are agreed to in writing by the employees."

Upon review, we are not persuaded by Mr. Drainer's arguments. Mr. Drainer asserts that he would have been the most qualified candidate based on years of experience, certifications, and other trainings completed. However, the Division of Highways stated below that Mr. Drainer was not selected for training because certifications are spread among its employees to ensure that one absent employee would not result in two positions being unfilled. The employee ultimately selected for training did not possess any prior certifications. Further, Mr. Petrel, the Assistant County Administrator who took part in the selection decision, testified below that no one at the Division of Highways ever told him that younger applicants should be chosen for training over older applicants. Mr. Drainer did not prove unfair treatment or differences in the treatment of similarly situated employees. Thus, we find that Mr. Drainer did not prove age discrimination or favoritism in regard to the Division of Highways' decision to select another candidate for training. Based on the foregoing, we find no error in the Grievance Board's decision.

Accordingly, we find that the Grievance Board's decision to deny Mr. Drainer's grievance was supported by substantial evidence, and thus must be afforded deference as required by law. Therefore, we find no error and affirm the January 17, 2023, decision of the Grievance Board.

Affirmed.

**ISSUED:** September 26, 2023

**CONCURRED IN BY:**

Chief Judge Daniel W. Greear
Judge Thomas E. Scarr
Judge Charles O. Lorensen

6